IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-11321
Summary Calendar
_____

CHRISTOPHER MICHAEL PEARSON,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:01-CV-1239-M
--------------------
May 30, 2002

Before DAVIS, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:*

Christopher Michael Pearson, federal prisoner #24340-077, appeals the district court's dismissal of his Federal Tort Claims Act ("FTCA") complaint against the Government as frivolous pursuant to 28 U.S.C. § 1915A(b)(i). We accept Pearson's argument that he does not intend to pursue a claim under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Pearson also argues that his FTCA complaint was

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

timely filed because his false imprisonment claim is based upon a continuing tort.

The FTCA applies a two-year statute of limitations from the date a cause of action accrues.  See 28 U.S.C. § 2401(b).  The district court did not err in determining that Pearson's claims are barred by the applicable statute of limitations.  Pearson's post-conviction claims cannot form the basis for a claim of false imprisonment.  See Pete v. Metcalfe, 8 F.3d 214, 218-19 (5th Cir. 1993).  Moreover, any pre-conviction claims Pearson may have accrued no later than the date of his conviction and are, therefore, barred by the statute of limitations.  See Brown v. Nationsbank Corp., 188 F.3d 579, 589-90 (5th Cir. 1999).  Accordingly, Pearson's appeal is without arguable merit and is therefore dismissed as frivolous.  See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.

APPEAL DISMISSED.